UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| CHARLES GOLDSTEIN, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. M-12-288 |
| | § | |
| COMPANION COMMERCIAL | § | |
| INSURANCE COMPANY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court is Charles Goldstein's ("Plaintiff") motion to remand.[1] After considering the motion to remand, the response, the record, and the relevant authorities, the Court **GRANTS** the motion to remand for the reasons stated below.

### I.  PRELIMINARY MATTER

The Court begins by noting the poor quality of the filings in this case. Although the Court is granting the motion to remand, this result is merely a reflection of the lenient state-court pleading standards. It is not an endorsement of the carelessness exhibited by Plaintiff in drafting the state court petition and the motion to remand.[2] The Court hopes that the quality of the state court petition and motion to remand is not indicative of the general quality of Plaintiff's counsel's legal work.

### II.  BACKGROUND

Plaintiff alleges that his home was damaged by the March 29, 2012 wind and hailstorm.[3] Apparently dissatisfied with the handing of his insurance claim he sued Companion Commercial

---

[1] Dkt. No. 4.
[2] Inexplicably, the motion to remand refers to the joinder of "Rozell," a non-party. Dkt. No. 4 at ¶ 41.
[3] Dkt. No. 1-2 at p. 3.

Insurance Company ("Companion") and Wellington Claim Service Inc. ("Wellington") (collectively, "Defendants").[4] Plaintiff alleges that both Companion and Wellington are "insurance compan[ies] operating in the State of Texas procuring and adjusting policies in Texas."[5] In the state court petition, Plaintiff includes the following theories of liability: breach of contract, violations of the Texas Insurance Code, and violations of the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA"), breach of duty of good faith and fair dealing, and fraud.[6]

Defendant Companion removed this case on August 24, 2012, claiming that removal was proper based on 28 U.S.C. § 1332 because Wellington, the non-diverse defendant, is improperly joined and the amount in controversy exceeds $75,000.[7] Plaintiff moved to remand asserting that this Court does not have subject matter jurisdiction because Wellington, the non-diverse defendant, is properly joined.[8] Defendants filed a response to the motion to remand.[9]

## III. ANALYSIS

The Court does not have subject matter jurisdiction under 28 U.S.C. § 1332 unless the parties are completely diverse and the amount in controversy exceeds $75,000. It is undisputed that the amount in controversy is satisfied. Thus, Defendants must prevail on the improper joinder issue in order to avoid remand.

The Court notes that "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[10] Here, the issue of improper joinder is before the Court. The Fifth Circuit has stated that "[t]he doctrine of improper joinder is a narrow exception to the

---

[4] Dkt. No. 1-2 at pp. 2-14.
[5] Dkt. No. 1-2 at pp. 2-3.
[6] Dkt. No. 1-2 at pp. 7-12.
[7] Dkt. No. 1 at ¶¶ 2.1-2.17.
[8] Dkt. No. 4 at ¶¶ 15-18.
[9] Dkt. No. 6.
[10] Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000) (citation omitted).

rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a heavy one."[11]  "[T]he Court must resolve all ambiguities of state law in favor of the non-removing party."[12]

When the Court is considering whether a party is improperly joined, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[13] The Court "determin[es] removal jurisdiction on the basis of claims in the state court complaint as it exists at the time of removal."[14]  The Court notes that a 12(b)(6)-*type* analysis is distinguishable from a pure 12(b)(6) analysis; in the improper joinder context, the Court evaluates the petition under the state court pleading standards.[15]  **To be clear, the Court will apply the state court pleading standards not the federal court pleading standards**.[16]  The Supreme Court of Texas has stated:

> In determining whether a cause of action was pled, plaintiff's pleadings must be adequate for the court to be able, from an examination of the plaintiff's pleadings alone, to ascertain with reasonable certainty and without resorting to information aliunde the elements of plaintiff's cause of action and the relief sought with sufficient information upon which to base a judgment.[17]

In other words, the pleading must state a cause of action and give fair notice of the relief sought.[18]

---

[11] Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007) (internal quotation marks and citations omitted).
[12] *Id*. (internal quotation marks and citation omitted).
[13] Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (citations omitted).
[14] Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995).
[15] For Judge Rosenthal's thorough explanation of why the Court uses the state court pleading standards in the improper joinder context, *see* Edwea, Inc. v. Allstate Ins. Co., No. H-10-2970, 2010 WL 5099607 (S.D. Tex. Dec. 8, 2010).
[16] It is worth highlighting that Defendants are mistaken about which pleading standards apply in this context. They state: "[I]t is significant that Plaintiff failed to cite any authority in support of its Motion to Remand applying the heightened pleading requirements established by the recent United States Supreme Court opinion in *Bell Atlantic v. Twombly*." Dkt. No. 6 at ¶ 4.9. Defendants' failure to identify the proper pleading standards is, no doubt, largely to blame for their erroneous assessment of this case.
[17] Stoner v. Thompson, 578 S.W.2d 679, 683 (Tex. 1979) (citation omitted).
[18] Tex. R. Civ. P. 45 & 47; *Stoner*, 578 S.W.2d at 683.

Although the Court *is permitted* to pierce the pleadings in certain improper joinder analyses,[19] it *is not required* to do so. The Court should do so "only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."[20] A review of state court petition, the motion to remand and attachments, and the response to the motion to remand and attachments, does not convince the Court that it should pierce the pleadings here. The Court will not pierce the pleadings in this case. This means the Court will not look beyond the state court petition.

Defendants do not dispute that Wellington could theoretically be held liable under Texas law.[21] The Court agrees with this assessment of Texas law.[22] Therefore, the Court must determine whether Plaintiff states a cause of action against Wellington in the state court petition. The Court notes that the state court petition identifies the two defendants, Companion and Wellington, jointly in the singular form as "Defendant" in the opening paragraph and thereafter directs allegations at "Defendant." *Based on the state court petition*, it is unclear whether the various allegations against "Defendant" are referring to Companion, or Wellington, or both. Consistent with its obligation to resolve doubts in favor of remand, the Court interprets the term "Defendant" to including Wellington.

The allegations in the state court petition include the following:

"Defendant hired and/or assigned an adjuster to adjust the claim."[23]

"Defendant's adjuster and Defendant failed to properly adjust the claims and Defendant has denied at least a portion of the claims without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiff."[24]

---

[19] *Smallwood*, 385 F.3d at 573.
[20] *Id*. at 573-574.
[21] Dkt. No. 6 at ¶ 4.6.
[22] *See* Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 280 & n.2, 282 (5th Cir. 2007) (citing Liberty Mut. Ins. Co. v. Garrison Contractors, Inc., 966 S.W.2d 482, 484-86 (Tex. 1998)).
[23] Dkt. No. 1-2 at p. 4.
[24] *Id*.

> "Defendant misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence."[25]
>
> "Defendant refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property."[26]
>
> "The above described acts, omissions, failures and conduct of Defendant has caused Plaintiff's damages which include, without limitation, the cost to properly repair Plaintiff's home and any investigative and engineering fees incurred in the claim."[27]

Upon initial examination, the petition appears to sufficiently allege that Wellington violated § 541.060 of the Texas Insurance Code which states in part:

> (a) It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary: (1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue; . . . (7) refusing to pay a claim without conducting a reasonable investigation with respect to the claim; . . . .[28]

The Court will now consider Defendants' arguments that the petition itself is deficient as to Wellington. Defendants' arguments may be boiled down to the following: There is lack of a factual fit between Plaintiff's allegations and the pleaded theories of recovery.[29] The Court disagrees.

As the Court stated at the outset, Plaintiff's petition is hardly a model of draftsmanship. But, it does allege that Wellington is "an insurance company operating in the State of Texas procuring and adjusting policies in Texas." That is sufficient to allege that Wellington is a

---

[25] *Id.*
[26] *Id.* at p. 5.
[27] *Id.* at p. 13.
[28] Tex. Ins. Code Ann. § 541.060 (West Supp. 2011).
[29] Dkt. No. 6 at ¶ 4.8.

"person" subject to the insurance code.[30] Furthermore, the petition alleges that "Defendant failed to conduct a reasonable investigation[,]" "Defendant has denied at least a portion of the claims without an adequate investigation[,]" and "Defendant misrepresented to Plaintiff that the damage to the Property was not covered under the Policy[.]" These are sufficient allegations that Wellington violated portions of § 541.060 of the insurance code.[31] The petition also alleges that Wellington caused Plaintiff to suffer damages. Thus, the Court finds that the petition states a cause of action against Wellington and gives Wellington fair notice of the relief sought. That is sufficient to state a claim against Wellington under the state court pleading standards. Ultimately, the Court finds that Defendants have not met their burden of demonstrating that Wellington, the non-diverse defendant, is improperly joined.

### III. CONCLUSION

After considering the motion, response, record and relevant authorities, the Court finds that Defendants have not met their burden of demonstrating that Wellington is improperly joined. Accordingly, the Court finds that it lacks jurisdiction because the parties are not completely diverse and **GRANTS** Plaintiff's motion to remand. Therefore, this case is remanded to County Court at Law Number Five, Hidalgo County, Texas.

IT IS SO ORDERED.

DONE this 22nd day of October, 2012, in McAllen, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

---

[30] *See* Tex. Ins. Code Ann. § 541.002 (West Supp. 2011); Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 280 & n.2, 282 (5th Cir. 2007) (citing Liberty Mut. Ins. Co. v. Garrison Contractors, Inc., 966 S.W.2d 482, 484-486 (Tex. 1998)).

[31] *See* Tex. Ins. Code Ann. § 541.060 (West Supp. 2011).